IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

DEMETRIUS DEMPSEY, #23979-016         :

    Petitioner                                           :

    v.                                                          :        Civil Action No. JFM-05-3315

GREGORY L. BOGDAN, et al.             :

    Respondents                                       :

o0o

**MEMORANDUM**

This matter is before the court on a § 28 U.S.C. § 2241 petition for writ of habeas corpus filed by petitioner pro se Demetrius Dempsey, an inmate at the Federal Correctional Institution (FCI) in Cumberland, Maryland. In this habeas application, petitioner challenges the Federal Bureau of Prisons' (BOP) calculation of his prison jail time credits. Respondents, Gregory L. Bogdan, Associate Warden, FCI Cumberland, D.R. Stephens, and Lisa J.W. Hollingsworth, [1] through counsel, have filed a response in opposition with a supporting exhibits, and petitioner has filed a reply. Upon review of the pleadings, exhibits, and applicable law, the court determines no hearing is necessary, and the petition will be denied. See Local Rule 105.6. (D. Md. 2004).

I. Factual Background

The facts presented are undisputed. Petitioner is a District of Columbia Code offender who is serving thirty-six months incarceration for possession with intent to distribute cocaine, in violation

---

[1] In a habeas corpus proceeding, the appropriate respondent is the "person having custody of the person detained." 28 U.S.C. §2243. In this case, petitioner is in the custody of Lisa J.W. Hollingsworth, Warden, FCI Cumberland. The Clerk will amend the docket to reflect Ms. Hollingsworth as the sole party respondent.

of D.C. ST § 48-904.01(a)(1) in case number F-4976-03. Paper No. 5, Exhibit 1, Attachment A. He was arrested on this charge on August 18, 2003, denied bail, and held in continuous custody until January 25, 2005, when he pleaded guilty and sentence was imposed. Paper No. 5, Exhibit 1, Attachments A & B.

On August 21, 2003, petitioner was charged with violating his probation from a District of Columbia conviction on January 15, 2002, for possession of marijuana in case number M0060302B. Paper No. 5, Exhibit 1, Attachment B. On June 28, 2004, his probation was revoked, and he was sentenced to time served. Paper No. 5, Exhibit, Attachment C. The jail time between the dates he was charged with violating probation (August 21, 2003) and his conviction for violating probation (June 28, 2004) was credited to his sentence in case number M0060302B. Paper 5, Exhibit 1, Affidavit of Sandra M. Gregg, at 3, ¶ 9 & Attachment F. The remaining jail time, August 18, 2003 through August 20, 2003, and June 29, 2004 through January 24, 2005, a period of 213 days, was credited to his sentence in case number F-4976-03. Paper No. 5, Attachment A at 6. Petitioner's projected statutory release date is February 4, 2007. See id.

II. Petitioner's Claim

Petitioner claims that he is entitled to prior custody credit for the entire period he spent in jail before his conviction and sentencing on January 25, 2005. [2] He asks this court to order the BOP to award him prior custody credits for August 21, 2003 through June 28, 2004. Paper No 1, Petition at 2.

---

[2] Petitioner asserts he is entitled to credit for 416 days of previous jail time. Paper No 1 at 2. Petitioner was in custody from August 18, 2003 to January 24, 2005, a period of 526 days. He was credited with 213 days of prior custody credit. Notwithstanding petitioner's assertion to the contrary, the period in dispute is 313 days.

2

III. Analysis

This case is governed by the statutes and case law that define the sentencing procedures of the District of Columbia Department of Corrections and the BOP. The D.C. Code authorizes the Attorney General of the United States or his authorized representative (here the BOP) to assign D.C. Code offenders to the appropriate penal institution to serve their sentence of imprisonment. See D.C. Code §24-201.26. The D.C. Code further authorizes the Attorney General to designate offenders to appropriate correctional institutions "whether maintained by the District of Columbia government, the federal government, or otherwise, or whether within or without the District of Columbia." Id. Additionally, the National Capital Revitalization and Self-Government Improvement Act of 1997 mandates transfer of D.C. felony offenders to correctional institutions operated by or contracting with the BOP. See D.C. ST §§ 24-101 et seq.[3] It provides: "Such persons shall be subject to any law or regulation applicable to persons committed for violations of the laws of the United States consistent with the sentence imposed." D.C. Code §24-101(a). The law also assigns responsibility to the BOP for computing the sentences of D.C. offenders confined in BOP facilities. See D.C. ST §§ 24-101(b).

As a general rule, time credited to one offense may not be credited to a second, unrelated offense. See Ali v. District of Columbia, 612 A. 2d 228, 229 (D.C. App. 1992); Petty v. Bledsoe, 2005 WL 1806450 at *2-3 (W.D Va. 2005). District of Columbia Code § 24-221.03 reads:

> Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the

---

[3] Pub. L. No. 105-33, §11231(a)(1), 111 Stat.786, codified at D.C. Code §24-101 *et seq*.

time spent in custody or on parole as a result of the offense for which sentence was imposed.

Title18 U.S.C. §3585(b), which applies to the BOP, states:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed: ***that has not been credited against another sentence***.

(Emphasis added). See also Wilson, 503 U.S. 329 at 337 (1992) ("Congress has made clear that a defendant could not receive double credit for his detention time"); U.S. v. Goulden, 54 F. 3d 774. (4th Cir. 1995); U.S. v. Brown, 977 F. 2d 574 (4th Cir. 1992).

These provisions have been interpreted consistent with the rule that time credited to one offense is not to be credited to a second offense. See Ali, 612 A. 2d at 229; Petty v. Bledsoe, 2005 WL 1806450 at *2. In Ali, the District of Columbia Court of Appeals said credit for pretrial incarceration may not be awarded toward a sentence if defendant was serving a sentence for another case during that time period.[4] See Ali, 612 A. 2d at 229. Ali relied on the reasoning in Shelvy v. Whitfield, 718 F.2d 441, 442 (D.C. Cir. 1983), a case which held that prior custody credit under 18 U.S.C. § 3568 [5] "was not available for periods of time spent in custody before sentencing for one

---

[4] D.C. Code § 24-221.03 was formerly codified as D.C. Code §24-431(a). The District of Columbia Court of Appeals considered this case under the prior code citation.

[5] Credit for pre-sentencing time spent in federal custody is now governed by 18 U.S.C. § 3585 (1988). Title 18 U.S.C. § 3568 read in relevant part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which

offense when the defendant was serving a sentence for another offense during that same time period." Ali, 612 A. 2d at 230 (*citing* Shelvy, 718 F.2d at 442). Ali held there was "no meaningful difference between the two provisions [6] and there is no suggestion that the Council of the District of Columbia intended that periods of pre-trial incarceration would be credited to the new offense if the defendant was serving a sentence in another case during the same time period." Ali, 612 A. 2d at 229.

IV.  Conclusion

Under the facts presented here, the BOP has awarded petitioner all the prior custody credits to which he is entitled. Petitioner is ineligible to receive the additional jail time credit he requests. Accordingly, habeas corpus relief will be denied by separate Order.

March 24, 2006                                    /s/
Date                                              J. Frederick Motz
                                                  United States District Judge

---

sentence was imposed...." 18 U.S.C. § 3568 (1976) was repealed by Pub.L. 98-473, 98 Stat. 1987 (1984).

[6]  The provisions referenced are D.C. Code § 24-431(a), now codified at D.C. Code § 24-221.03, and 18 U.S.C. §3568.

5